[636 NYS2d 101]

In the Matter of GILBERT T. PERLMAN (Admitted as GILBERT TRUELL PERLMAN), an Attorney, Resignor.

Second Department, December 29, 1995

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* of counsel), for Grievance Committee for the Tenth Judicial District.

*Sarah Diane McShea,* New York City, for resignor.

### OPINION OF THE COURT

Per Curiam.

Gilbert T. Perlman has submitted an affidavit, dated November 3, 1995, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Perlman

was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on April 11, 1979, under the name Gilbert Truell Perlman.

Mr. Perlman acknowledges that he is currently the subject of a pending investigation by the Grievance Committee for the Tenth Judicial District emanating from his receipt of a dishonored check notice from the Lawyers' Fund for Client Protection pertaining to two checks drawn on his escrow account.

Mr. Perlman acknowledged his inability to successfully defend himself on the merits against charges predicated upon the aforesaid misconduct.

Mr. Perlman's proffered resignation expressly indicates his awareness that pursuant to Judiciary Law § 90 (6-a), an order permitting him to resign could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York. Mr. Perlman is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Perlman indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Mr. Perlman requests that the Court accept his resignation, effective December 31, 1995, to enable him to completely wind down his practice without harm to the interests of three specific clients and to enable him to effectuate an orderly withdrawal from the practice of law.

Grievance Counsel recommends that the Court accept the proffered resignation but notes that acquiescence to Mr. Perlman's request that the effective date of the resignation be December 31, 1995 is not warranted under the circumstances.

The resignation of Gilbert T. Perlman as a member of the Bar is accepted and directed to be filed. Accordingly, Gilbert T. Perlman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and FLORIO, JJ., concur.

Ordered that the resignation of Gilbert T. Perlman is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gilbert T. Perlman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Gilbert T. Perlman shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gilbert T. Perlman is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.